LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
JOY STEPHENSON-LAWS, ESQ.           (SBN 113755)
RICHARD A. LOVICH, ESQ.              (SBN 113472)
KARLENE J. ROGERS-ABERMAN, ESQ.   (SBN 237883)
DAVID F. MASTAN, ESQ.                (SBN 152109)
JENNIFER JIAO, ESQ.                    (SBN 292205)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone:  (818) 559-4477
Facsimile:   (818) 559-5484

Attorneys for Plaintiff,
STANFORD HEALTH CARE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| STANFORD HEALTH CARE, a California nonprofit corporation;<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES, an Indiana insurance corporation; and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. BREACH OF IMPLIED IN FACT CONTRACT; AND<br><br>2. *QUANTUM MERUIT* |

# COMPLAINT FOR DAMAGES

# PARTIES

1. Plaintiff STANFORD HEALTH CARE ("STANFORD HOSPITAL") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. STANFORD HOSPITAL has its principal place of business in the County of Santa Clara, State of California. STANFORD HOSPITAL renders medically necessary services (including emergency services), supplies and/or equipment to patients.

2. Defendant ANTHEM INSURANCE COMPANIES ("BCBS INDIANA") is an insurance company that is organized and existing pursuant to the laws of the State of Indiana. BCBS INDIANA has its principal place of business in the City of Indianapolis, State of Indiana. BCBS INDIANA arranges for the provision of health care services to its enrollees and/or pays for or reimburses part or all of the costs for those services.

3. STANFORD HOSPITAL is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. STANFORD HOSPITAL will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. Defendant BCBS INDIANA and Does 1 through 25, inclusive, shall be collectively referred to as "Defendants."

5. Defendants, and each of them, at all relevant times, have

transacted business in the State of California.

6. STANFORD HOSPITAL is informed, believes, and thereon alleges that at all relevant times, each of the defendants, including the defendants named "Doe" were and are the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and were, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or are in some other way responsible for the acts of one or more of the other defendants.

## JURISDICTION AND VENUE

7. Federal diversity jurisdiction exists pursuant to 28 U.S.C. Section 1332. Plaintiff is a California nonprofit corporation with its principal place of business in Santa Clara, California. Defendant BCBS INDIANA is an insurance corporation that is organized and existing pursuant to the laws of the State of Indiana. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

8. Venue in the Norther District of California is proper pursuant to 28 U.S.C. Section 1391 because a substantial part of the events or omissions on which the claims asserted herein are based in this District.

## COMMON FACTUAL BACKGROUND

9. On various dates of service, STANFORD HOSPITAL provided medically necessary services, supplies and/or equipment to patients identified in

Exhibit A (the "Patients")[1]

10. STANFORD HOSPITAL is informed and believes and thereon alleges that at all relevant times, the Patients were an enrolled beneficiary and/or member of a health plan sponsored, administered and/or funded by BCBS INDIANA.

11. At all relevant times, BCBS INDIANA and/or its agent and/or affiliate authorized the medical services rendered to the Patients by STANFORD HOSPITAL.

12. STANFORD HOSPITAL's usual and customary total billed charges for the medically necessary care rendered to the Patients amounted to $2,047,769.76.

13. STANFORD HOSPITAL timely and properly submitted the bill for payment for the medically necessary care rendered to the Patients.

14. To date, BCBS INDIANA and/or its agents have issued only $78,771.30 for the medically necessary services rendered to the Patients.

## COUNT ONE
(BREACH OF IMPLIED-IN-FACT CONTRACT)

15. STANFORD HOSPITAL incorporates by reference the

---

[1] Stanford has limited disclosure of patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d *et seq*.

1  allegations contained in paragraphs 1-14 as if fully set forth herein.

2

3        16.    At all relevant times, Anthem Blue Cross was a party to a
4  written contract with STANFORD HOSPITAL (the "STANFORD HOSPITAL /
5  Anthem Contract"). According to the STANFORD HOSPITAL / Anthem
6  Contract, STANFORD HOSPITAL agreed to render medically necessary care to
7  individual enrollees of Anthem Blue Cross health plans, including out-of-state
8  affiliates of Anthem Blue Cross as part of the Blue Card Program. In exchange for
9  access to the discounted rates at STANFORD HOSPITAL called for in the
10 contract, each such affiliate was to pay such hospitals and/or physicians for the
11 medically necessary care rendered to the individual enrollees of that affiliate's
12 health plan.

13

14       17.    At all relevant times, BCBS INDIANA was an out-of-state
15 affiliate of Anthem Blue Cross subject to the STANFORD HOSPITAL / Anthem
16 Contract and hence agreed to pay hospitals and/or physicians for the medically
17 necessary care rendered to the individual enrollees of BCBS INDIANA pursuant to
18 the terms of the STANFORD HOSPITAL / Anthem Contract.

19

20       18.    At all relevant times, STANFORD HOSPITAL was a party to
21 the STANFORD HOSPITAL / Anthem Contract as a provider of medically
22 necessary care for the benefit of all individual enrollees of Anthem Blue Cross and
23 out-of-state Anthem Blue Cross affiliates' health plans. Thus, under the
24 STANFORD HOSPITAL / Anthem Contract, STANFORD HOSPITAL agreed to
25 render medically necessary care to the individual enrollees of BCBS INDIANA; in
26 exchange, BCBS INDIANA, as a member of the Blue Card Program, agreed to pay
27 STANFORD HOSPITAL the negotiated rates pursuant to the terms of the
28 STANFORD HOSPITAL / Anthem Contract for that care. In general, the

1  negotiated rates under the STANFORD HOSPITAL / Anthem Contract provided
2  for medically necessary care to be paid at a discount off of STANFORD
3  HOSPITAL's usual and customary total billed charges.

5      19.    Under the STANFORD HOSPITAL / Anthem Contract,
6  STANFORD HOSPITAL agreed to submit bills, through Anthem Blue Cross, to
7  BCBS INDIANA reflecting STANFORD HOSPITAL's usual and customary total
8  billed charges associated with rendering medically necessary care to the individual
9  enrollees of BCBS INDIANA. In exchange, BCBS INDIANA agreed to process
10 and pay such claims according to the STANFORD HOSPITAL / Anthem Contract
11 (i.e., STANFORD HOSPITAL's usual and customary total billed charges less a
12 specified discount).

14     20.    STANFORD HOSPITAL's usual and customary total billed
15 charges for rendering the medically necessary care to the Patients amounted to
16 $2,047,769.76. According to the STANFORD HOSPITAL / Anthem Contract,
17 BCBS INDIANA owed STANFORD HOSPITAL a balance of $294,173.01, after
18 application of the STANFORD HOSPITAL / Anthem Contract discount.

20     21.    To date, BCBS INDIANA has paid only $78,771.30 for the
21 medically necessary services rendered to the Patients. As a result of the breach by
22 BCBS INDIANA, STANFORD HOSPITAL suffered damages in the sum of
23 $215,401.71, the amount due pursuant to the STANFORD HOSPITAL / Anthem
24 Contract.

## COUNT TWO

*(QUANTUM MERUIT)*

22. STANFORD HOSPITAL incorporates by reference the allegations contained in paragraphs 1-13 as if fully set forth herein.

23. In the alternative, should it be found no contractual relationship exists between STANFORD HOSPITAL and BCBS INDIANA and/or its agents should nevertheless be fully paid under the theory of *quantum meruit*.

24. STANFORD HOSPITAL is informed and believes and thereon alleges that BCBS INDIANA and/or its agents promised its beneficiaries (including the Patients) it would arrange for and/or pay for medically necessary care needed by them. Accordingly, when STANFORD HOSPITAL rendered medically necessary care to the Patients, BCBS INDIANA benefited because STANFORD HOSPITAL thereby assisted BCBS INDIANA in meeting its obligation to arrange for and/or pay for medically necessary care to its enrollees, including the Patients.

25. By its words and/or conduct, BCBS INDIANA and/or its agent requested that STANFORD HOSPITAL provide the Patients. with medically necessary care.

26. Acting pursuant to BCBS INDIANA's implied and/or express request, STANFORD HOSPITAL provided medically necessary care to the Patients.

27. STANFORD HOSPITAL's rendering of medically necessary care to the Patients was intended to, and did, benefit the Patients, and therefore

1  BCBS INDIANA.

3  28.  For rendering the medically necessary care to the Patients, STANFORD HOSPITAL reasonably expected BCBS INDIANA to fully reimburse STANFORD HOSPITAL its billed rate of $2,047,769.76.

7  29.  BCBS INDIANA has paid only $78,771.30 and continues to refuse to properly reimburse STANFORD HOSPITAL, leaving an outstanding balance of $1,968,998.46, despite demands thereof.

11  30.  Within the past two years, STANFORD HOSPITAL demanded BCBS INDIANA and/or its agents to pay for the medically necessary care rendered to the Patients but BCBS INDIANA and/or its agents have refused.

15  31.  As a result of BCBS INDIANA's misconduct and/or the misconduct of its agents, STANFORD HOSPITAL has suffered damages in the amount of $1,968,998.46.

////

////

////

////

////

# PRAYER FOR RELIEF

**WHEREFORE**, STANFORD HOSPITAL prays for judgment as follows:

For the First Cause of Action:

    1.    for the principal sum of $215,401.71 and for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For the Second Cause of Action (in the alternative):

    1.    for the principal sum of $1,968,998.46 and for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For all Causes of Action:

    2.    for all costs of suit incurred herein; and,

    3.    for such other and further relief as the Court deems just and proper.

Dated: 16 April 2021

LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.

/s/ Jennifer Jiao

JENNIFER JIAO
Attorneys for
STANFORD HEALTH CARE

# EXHIBIT A

STANFORD HEALTH CARE V. BLUE CROSS BLUE SHIELD OF INDIANA

FC 27255

| No. | Last Name | First Name | File Number | Admit Date | Discharge Date | Patient ID | Total Charges | Expected | Total Paid | Underpaid |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | B | A | 0000634441383 | 12/11/2018 | 12/14/2018 | YZD988M95794 | $348,359.40 | $59,991.32 | $38,348.32 | $21,643.00 |
| 2 | B | C | 0000064800472 | 6/5/2019 | 6/5/2019 | XDP723M89854 | $16,953.00 | $10,049.74 | $4,960.78 | $5,088.96 |
| 3 | H | C | 0000066130809 | 1/10/2020 | 1/10/2020 | VWF237A20401 | $103,929.76 | $35,473.02 | $377.20 | $35,095.82 |
| 4 | L | K | 0000065887666 | 3/4/2020 | 3/4/2020 | XDP032A55900 | $16,328.11 | $10,938.00 | $0.00 | $10,938.00 |
| 5 | S | H | 0000635440520 | 11/17/2018 | 1/4/2019 | XDP606M92664 | $1,143,757.22 | $16,116.00 | $0.00 | $16,116.00 |
| 6 | V | C | 0000066392230 | 2/17/2020 | 2/19/2020 | YZD675M77706 | $169,127.25 | $44,654.93 | $0.00 | $44,654.93 |
| | | | | | | | $1,798,454.74 | $177,223.01 | $43,686.30 | $133,536.71 |